UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS GONZALEZ HINOJOSA | § | |
|     Movant | § | CIVIL ACTION NO.   M-14-940 |
| VS. | § | |
| | § | CRIMINAL NO.     M-11-284-2 |
| UNITED STATES OF AMERICA | § | |
|     Respondent | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, which motion had been referred to the Magistrate Court for a report and recommendation. On March 21, 2017, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's Motion to Dismiss (Dkt. Entry No. 10) be granted, and that Movant's section 2255 motion be denied on the record, and that the claims be dismissed with prejudice, and that a Certificate of Appealability be denied upon the issuance of this Court's final order. The time for filing objections has passed, and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety.[2]

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Douglas v. United Services Auto. Ass'n,* 79 F.3d 1415, 1420 (5th Cir. 1996)(quoting Fed. R. Civ. P.72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. April 2, 2012) (The Court does note one factual inaccuracy, on page 2 – that "Movant, through counsel, timely filed his original § 2255 motion. . ." Movant is actually proceeding *pro se*, as reflected later in the Report.)

[2] The Court makes an additional observation. In his Reply Declaration (Dkt. No. 14), Movant contends that counsel assured him that Movant's prior marijuana case would only be introduced if Movant testified and that Movant was "shocked" when it was introduced on the last day of trial. The record again belies Movant's contention as counsel responded to the Government's 404(b) notice by acknowledging its admissibility to show other purposes including knowledge but arguing against admission in the response and at the pre-trial hearing on the motion in limine. Movant was present at this hearing.

Accordingly, it is hereby **ORDERED** that Respondent's Motion to Dismiss (Dkt. Entry No. 10) is **GRANTED,** Movant's section 2255 is **DENIED** on the record, and the claims are **DISMISSED** with prejudice.  A Certificate of Appealability is **DENIED**.

IT IS SO **ORDERED.**

DONE at McAllen, Texas, this 11th day of April, 2017.

_____
Micaela Alvarez
United States District Judge